IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 1:19-CR-00865 |
| OLIVER HAN, | Judge Thomas M. Durkin |
| Defendant. | |

### DEFENDANT OLIVER HAN'S PROPOSED ADDITIONS AND CORRECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

**NOW COMES** Defendant, Oliver Han ("Mr. Han"), by and through his undersigned attorneys, and as his proposed additions and corrections to the Presentence Investigation Report ("PSR"), states as follows:

1. Page 3, Mr. Han is now 34 not 33; paragraph 50 should also reflect this.

2. In paragraph 10, the PSR states that the total loss was over $25 million but less than $65 million. The parties are in agreement that the total loss was over $9.5 million but did not exceed $25 million. In the second sentence of that same paragraph, the apostrophe needs to be removed from the word "defendant's."

3. Based on the Court's prior guidelines rulings in the related case of Shah, Agarwal, Purdy and Desai (19 CR 864), the Guidelines are different than in the PSR as originally written. The Court ruled that the total loss associated with the offense was over $9.5 million but did not exceed $25 million. The Court also ruled that the adjustment for sophisticated means did not apply. Based on that the following should be amended:

    a.    Paragraph 19 to read; "The loss amount is more than $9,500,000 but less than $25,000,000, the offense level is increased by 20. U.S.S.G. §§2X1.1(a) and 2B1.1(b)(1)(K)."

    b.    Paragraphs 22 should read: "However, a two-level increase for sophisticated means under U.S.S.G. §§2X1.1(a) and 2B1.1(b)(10)(C) does not apply."

    c.    Paragraph 23 should read: "In total, the base offense level is 28. U.S.S.G. §§2X1.1(a)(1) and 2B1.1."

    d.    Paragraph 27 should be changed to reflect an Adjusted Offense Level (Subtotal) of 28.

    e.    Paragraph 31 should be changed to reflect a Total Offense Level of 23.

    f.    Paragraph 74 should read: "Based upon a total offense level of 23 and a criminal history category of I, the guideline imprisonment range is 46 months to 57 months."

    g.    For a total offense level of 23, the fine range is $20,000 to $200,000 and paragraph 83 should be corrected for that.

4.    Paragraph 45 should be amended to reflect the birth of Mr. Han's son in June 2024.

5.    Pages 13 through 14 reflect Mr. Han's monthly income, expenses and cashflow. In July 2024 Mr. Han agreed to a pay cut from his job at Mabbly. This reduces his monthly gross income by $2,727.00. With two children now, his monthly living costs have increased, including monthly child care/schooling increasing by $2,036.50 per month. As a result, his total monthly cash flow has decreased by a minimum of $4,763.50 to $2,753.50 per month.

6.    Pages 16 through 19 of the PSR contain recommendations of discretionary conditions for probation (18 U.S.C. § 3563(b)). Han objects to two. Condition 6 prohibits Mr. Han

from knowingly meeting or communicating with Kathryn Choi. This condition is unnecessary. Mr. Han and Ms. Choi last worked together at Outcome seven years ago. They are friends. There is no reason to prevent them from meeting or communicating with each other. Condition 14 prevents Mr. Han from leaving the district where he is being supervised (presumably the Southern District of Indiana, since this is where Mr. Han has long resided) unless permission is granted by the Court or a probation officer. Mr. Han works for Mabbly, a company headquartered in Chicago, Illinois and frequently needs to travel there in his employment. Mr. Han was released pretrial on a $4,500 O/R bond pursuant to an order that restricted his travel to the continental United States unless he obtained permission from the Court. (ECF #18). He has never failed to appear. Thus, Mr. Han objects to discretionary condition 14.

7. Pages 19 through 21 contain recommendations of Special Conditions of Probation. Mr. Han objects to special condition 5 that would prohibit him from incurring new credit charges or opening additional lines of credit without approval by his probation officer. Mr. Han has always met his financial obligations in the past and will do so in the future. This condition is unnecessary and would, for example, require permission for him to obtain something as routine as a new credit card.

Date: October 16, 2024

Respectfully submitted,

OLIVER HAN

By: /s/ Leigh D. Roadman
One of His Attorneys

Leigh D. Roadman (06193461)
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, Illinois 60601
T: 312-360-5015